FARR MAN & CO., INC. AND THE NATIONAL SUGAR REFINING COMPANY, PLAINTIFFS v. UNITED STATES, DEFENDANT

Court No. 79-10-01490

(Dated December 31, 1980)

*Barnes, Richardson & Colburn* (*Rufus E. Jarman, Jr.,* on the brief) for the plaintiffs.

*Alice Daniel,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Madeline B. Kuflik* on the brief), for the defendant.

RE, C.J.: Plaintiffs have brought this action to obtain a refund of import fees which they claim were improperly assessed pursuant to Presidential Proclamation No. 4547 of January 20, 1978, upon raw sugar cane imported from Argentina. Pursuant to the provisions of rule 4.13 of the Rules of the U.S. Customs Court,[1] plaintiffs, prior

---

[1] *Rule 4.13  Application for Three-Judge Panel.*

Any party to an action may move, after issue has been joined but no later than 10 days after the filing of a notice of trial, for the designation by the chief judge of three judges of the court to hear and determine the action. Such motion shall be filed with the clerk of the court and referred to the chief judge. It shall state specifically the issue of the constitutionality of an act of Congress, a proclamation of the President or an Executive order, or the broad or significant implications in the administration or interpretation of the customs laws claimed to be involved, and shall otherwise conform to the requirements of Rule 4.12(b). The time to respond and the filing of briefs, memoranda, and affidavits shall be governed so far as applicable by rules 4.12(c) and (d).

Plaintiffs filed their motion prior to November 1, 1980 when the Customs Courts Act of 1980, Public Law 96-417, 94 Stat. 1727, became effective together with the Rules of the United States Court of International Trade.

Rule 77(d)(2), U.S. Court of International Trade, effective November 1, 1980:

*Assignment to Three-Judge Panel.* An action may be assigned by the chief judge to a three-judge panel either upon motion, or upon his own initiative, when the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive order; or has broad and significant implications in the administration or interpretation of the law.

to notice of trial, moved for assignment of this action to a three-judge panel.

Plaintiffs contend that the four issues stated in their motion warrant consideration of this case by a three-judge panel. The defendant disagrees.

The issues, as framed by the plaintiffs, are as follows:

    I. Whether section 22 of the Agricultural Adjustment Act authorizes imposition of special import fees upon specified products from some, but not all countries entitled to most-favored-nation treatment?

    II. Whether section 22 authorized discrimination among supplying countries under the facts of this case?

    III. Whether imposition of import fees upon Argentine sugar without similar imposition upon sugar from all other countries violates the "most-favored-nation principal [sic]," and the statutes, treaties and trade agreements incorporating that principle?

    IV. When does merchandise "enter the United States" for purposes of the effective date of a proclamation imposing duty?

The statutory basis for the plaintiffs' motion is found in 28 U.S.C. 255, as amended. Pursuant to the provisions of section 255, the chief judge shall designate a three-judge panel of the court to hear and determine any civil action which he finds:

    * * * (1) raises an issue of the constitutionality of an act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.

In this case the decision of the chief judge to designate a three-judge court rests upon the finding that it raises an issue of the constitutionality of an act of Congress or a Presidential proclamation.

Sugar cane and sugar beets are important domestic farm crops subject to the price support operations of the United States Department of Agriculture. Production is controlled by the Department of Agriculture to allow orderly marketing and pricing of domestic sugar. Section 22 of the Agricultural Adjustment Act, as amended (7 U.S.C. 624).

Congress authorized certain procedures under which the President may impose import fees upon sugar imported into the United States which renders or tends to render ineffective, or materially interfere with, the price support operations being conducted by the Department of Agriculture. Plaintiffs contend that Presidential Proclamation 4547 does not lawfully impose an import fee because it discriminates by country rather than by particular type of product. Plaintiffs also contend that, under the alleged facts, there is no rational basis for restricting the imports from one country as opposed to another, and that the proper procedures required by the Agricultural Adjustment Act were not followed.

Pursuant to section 22 of the Agricultural Adjustment Act, the President is empowered to cause an investigation to be made. On the basis of that investigation and the report to him of findings and recommendations the President is authorized to impose an import fee. By Presidential Proclamation 4547 an import fee was proclaimed upon the imported sugar cane.

It is well established that Congress may authorize the President to ascertain facts which determine when duties may be imposed, suspended, varied or removed. See, e.g., *J. W. Hampton, Jr., & Company* v. *United States*, 276 U.S. 394 (1928). However, a challenge to Presidential action necessarily involves such questions as whether the delegation is constitutional; whether the President has exercised the powers within the terms of the statutory delegation or other source of powers; or whether there has been compliance with the congressionally prescribed procedure.

The defendant cites the case of *SCM Corporation* v. *United States* (*Brother International Corporation, Party-in-Interest*), 79 Cust. Ct. 163, C.R.D. 77–6, 435 F. Supp. 1224 (1977), for the proposition that a three-judge court should not be designated unless the chief judge finds "special or exceptional circumstances" which indicate that the action has "broad or significant implications in the administration or interpretation of the customs laws. 79 Cust. Ct. at 165–166. In the *SCM* case no issue was raised which pertained to the constitutionality of a statute, a proclamation of the President, or an Executive order. Since *SCM* dealt with subdivision (2) of 28 U.S.C. 255, rather than subdivision (1), it is clearly not dispositive of the question presented in the case at bar.

Accordingly, upon the pleadings and motion in this action, the court has concluded that there is a sufficient showing that the action raises issues of the constitutionality of an act of Congress or a proclamation of the President. These issues require a three-judge panel for their consideration and determination.

The plaintiffs' motion that the chief judge designate a three-judge panel is granted.

It Is Hereby Ordered that the following judges of this court serve as members of that panel: Morgan Ford, Scovel Richardson, and Frederick Landis.